IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br>v.<br><br>CAROL SLAUGHTER, and JOHN DOES 1-5,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL AND TAKING UNDER ADVISEMENT THE REQUEST FOR SANCTIONS<br><br>Case No. 2:13-cv-524 BCW<br><br>Magistrate Judge Brooke Wells |

Pending before the court is Plaintiff's Motion to (1) Compel Discovery Responses and Initial Disclosures and (2) for the entry of an Order to Show Cause as to why Defendant should not be required to pay sanctions.[1] Defendant "does not oppose the entry of an order compelling Defendant's disclosures and discovery responses as requested in Paragraph 2 of Plaintiff's Proposed Order."[2] Accordingly, the Motion to Compel is uncontested and therefore the court GRANTS the motion.

Defendant does oppose the entry of an Order to Show Cause concerning sanctions. Defendant asserts that Plaintiff failed to comply with Federal Rule 37(a)(1) and Local Rule 37-1(a)(1). Federal Rule 37(a)(1) provides that a "movant must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[3] Local Rule 37-1(a)(1) provides that

> the court will not entertain any discovery motion, unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing

---

[1] Docket no. 20.

[2] Op. p. 1-2.

[3] Fed. R. Civ. P. 37(a)(1) (2015).

> that counsel making the motion has made a reasonable effort to reach agreement with opposing counsel on the matters set forth in the motion. Such statement must provide the date, time, and place where counsel conferred and the names of all participants at the conference.[4]

Defendant argues the email included by Plaintiff that allegedly fulfills the meet and confer obligation is not valid because it was sent prior to both the scheduling order entered on March 10, 2015 and the parties' rule 26(f)(1) conference held on February 19, 2015.

The history of this case goes back to 2013 when the matter was initially filed. On April 25, 2014, Plaintiff served Defendant with the interrogatories, requests for production and requests for admission that are the subject of this motion. During the course of the next several months the parties engaged in possible settlement negotiations. Settlement, however, never occurred and on December 29, 2014, Plaintiff sent an email giving Defendant until January 16, 2015, to respond to the discovery requests. Additional extensions were given but Defendant failed to answer the discovery requests. In addition, Plaintiff notes that to date Defendant has not served her Initial Disclosures.

Given this long background of noncompliance by Defendant the court finds that sanctions may be warranted in this matter notwithstanding any possible flaws in Plaintiff's meet and confer documentation. Moreover, Defendant has repeatedly failed to comply with discovery requests and does not oppose the entry of an order granting the Motion to Compel. Based upon this history the court will take under advisement the imposition of sanctions. Whether or not sanctions are entered will depend in large part upon Defendant's cooperation and timeliness in providing the discovery that is the subject of this order.

## ORDER

Accordingly IT IS HEREBY ORDERED THAT:

---

[4] DUCivR 37-1(a)(1).

1. The Motion to Compel is GRANTED.

2. Defendant Carol Slaughter is ordered to respond to the Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission and to serve her Initial Disclosures within ten (10) days of the entry of this Order

3. Plaintiff's request for sanctions is taken under advisement pending Defendant's production of the ordered discovery.

IT IS SO ORDERED.

DATED this 23 July 2015.

Brooke C. Wells
United States Magistrate Judge